UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re Ex Parte Application of OmniArch Capital Corporation, OmniArch Management Corporation, OmniArch Fixed Income Limited Partnership, and OmniArch Fixed Income G.P. Ltd., Applicants, For an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Serve Discovery in Aid of a Foreign Proceeding | Case No.: 16-cv-02991-CAB-AGS<br><br>**ORDER GRANTING EX PARTE APPLICATION TO SUBPOENA DOCUMENTS IN AID OF A FOREIGN JUDICIAL PROCEEDING** |

Some of the parties to a Canadian legal action who accused two American investment management companies of bilking them out of roughly $40 million have returned to this Court seeking additional discovery assistance. Previously, this Court allowed applicants—a number of entities that can be functionally grouped together and referred to as OmniArch—to subpoena records from one of the American companies to produce transactional records bearing on this alleged fraud. Now OmniArch seeks this Court's assistance in subpoenaing the deposition of the defendant firm's principal and the records of two additional entities. OmniArch's *ex parte* application is **GRANTED**.

## DISCUSSION

When international courts or litigants request evidence from the United States, a U.S. district court may order a person residing or found in its district "to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal. . ." 28 U.S.C. § 1782(a). In order to issue a subpoena under

1

section 1782, a court must find that the foreign application meets three threshold statutory requirements, and that the exercise of its discretion is proper based on the four non-exhaustive factors set forth in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004).

A.  **Statutory Authority**

A foreign request for judicial assistance under section 1782 must establish that: (1) the person from whom discovery is sought "resides or is found" in the district; (2) the requested discovery is "for use in a proceeding in a foreign or international tribunal"; and (3) the request is made "by a foreign or international tribunal" or "any interested person." 28 U.S.C. § 1782(a); *see also IPCom GMBH & Co. KG v. Apple Inc.*, 61 F.Supp.3d 919, 922 (N.D. Cal. 2014).

These threshold requirements are met here. First, the discovery is sought from J. Thomas Epperson (for deposition) as well as Team Nation Investment Fund III, L.P., and San Diego Private Bank (for records), all of which reside in this district. Second, the deposition would help explain the documents already provided, and the additional documentary requests will help clear up the financial transactions that OmniArch claims are part of the fraud. The Court of Queen's Bench of Alberta, Canada, already ordered the requested deposition and documents divulged, so they would clearly be of use in the Canadian litigation. Finally, both the Canadian court, in its *ex parte* disclosure order, and the plaintiff Canadian businesses, through the present application, have requested this Court's assistance. [Doc. 1; Doc. 1-7, at 6, ¶10.]

B.  ***Intel* Discretionary Factors**

But "a district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." *Intel*, 542 U.S. at 264 (citation omitted). In exercising its discretion, a court must consider: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance";

1  (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-
2  gathering restrictions or other policies of a foreign country or the United States"; and
3  (4) whether it is "unduly intrusive or burdensome." *Id.* at 264-65 (citations omitted).

Each of the *Intel* factors weigh in favor of issuing the requested subpoenas. Epperson, Team Nation, and San Diego Private Bank are not parties to the foreign proceeding. *See Intel*, 542 U.S. at 264 ("[T]he need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad."). The foreign tribunal is a Canadian civil court with familiar legal procedures and safeguards, proceeding in a fashion typical to American lawsuits. The foreign court explicitly requested American judicial assistance. And the Canadian government has long been receptive to such American judicial cooperation. *See, e.g., In re Premises Located at 840 140th Ave. NE, Bellevue, Wash.*, 634 F.3d 557, 563-64 (9th Cir. 2011) (discussing the mutual legal assistance treaty between Canada and the United States). Since the application largely echoes the Canadian court's disclosure order, it is plainly not a camouflaged method for circumventing Canadian evidence-gathering restrictions or similar policies. Finally, the subpoena should not unduly burden any of the responding parties. The requested discovery mirrors the Canadian court's order, goes to the heart of the Canadian action, and is narrowly tailored to that proceeding's ends.

### C. *Ex Parte* Proceedings

The Ninth Circuit recognizes that § 1782 applications and letters rogatory "are customarily received and appropriate action taken with respect thereto ex parte," because witnesses can later "exercise[] their due process rights by motions to quash the subpoenas." *In re Letters Rogatory from the Tokyo District, Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). Thus, this Court permits the application to proceed *ex parte*. But in case there are factual or legal issues that are not apparent from the current *ex parte* record, the responding parties will have 15 calendar days after service to contest the respective subpoenas.

## CONCLUSION

For these reasons, the application is **GRANTED**. The applicants may cause service of the proposed subpoenas on J. Thomas Epperson, Team Nation Investment Fund III, L.P., and San Diego Private Bank, except that the subpoenas' return date must be set at least 15 calendar days after service.

Dated: May 10, 2017

Hon. Andrew G. Schopler
United States Magistrate Judge